# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. PETROS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HIRAM DUNCAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00277-SAB (PC)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND DENYING PLAINTIFF'S REQUEST FOR SERVICE OF DEFENDANTS<br><br>(ECF Nos. 6, 7) |

**I.**

**INTRODUCTION**

Plaintiff Christopher M. Petros is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 30, 2018, Plaintiff filed a letter requesting that the Court appoint a lawyer to represent him and asking if the defendants he named in this action had been served with the summons and complaint. (ECF No. 6). Further, on February 1, 2019, Plaintiff filed a second letter requesting that the Court appoint an attorney to represent him and requesting that the Court serve all the defendants named in this action. (ECF No. 7.)

**II.**

**REQUEST FOR APPOINTMENT OF COUNSEL**

Plaintiff requests that this Court appoint counsel to represent him in this action. Plaintiff

1

asserts that he needs the assistance of appointed counsel because he has no access to a law library and he does not have the funds to hire a lawyer himself.

However, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Initially, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant granting a request for voluntary assistance of counsel. Further, Plaintiff has failed to demonstrate that it is likely that he will succeed on the merits of his claims. Finally, while the Court has yet to screen Plaintiff's complaint, the Court has conducted a cursory review of the complaint and finds that the legal issues present in this action are not complex and that Plaintiff is able to clearly articulate his claims. Therefore, the Court fails to find the exceptional circumstances necessary to justify granting a request for voluntary assistance of counsel.

Consequently, Plaintiff's request for appointment of counsel is denied, without prejudice.

### III.

### REQUEST FOR SERVICE OF DEFENDANTS

Plaintiff requests that the Court serve all defendants named in his case. Plaintiff asserts that he is trying to make sure that his case does not get dismissed for any reason.

However, Plaintiff's request to have the Court serve all the defendants is premature. The

Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will direct service of process only after Plaintiff's complaint has been screened and found to state a cognizable claim for relief. If Plaintiff's complaint is found to have stated a cognizable claim against any defendant, the Court will issue an order finding service of the complaint appropriate and directing that service of summons and the operative complaint be initiated on the proper defendant or defendants. No motion will be necessary.

Therefore, Plaintiff's request to have the Court serve all defendants is denied. Plaintiff's complaint will be screened in due course.

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel, (ECF Nos. 6, 7), is DENIED, without prejudice;

2. Plaintiff's request for service of all defendants, (ECF Nos. 6, 7), is DENIED.

IT IS SO ORDERED.

Dated: **March 15, 2019**

_____
UNITED STATES MAGISTRATE JUDGE