# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. PETROS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HIRAM DUNCAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00277-SAB (PC)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL AND DENYING PLAINTIFF'S SECOND MOTION FOR SERVICE OF DEFENDANTS<br><br>(ECF No. 18) |

**I.**

**INTRODUCTION**

Plaintiff Christopher M. Petros is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 30, 2018 and February 1, 2019, Plaintiff filed letters requesting that the Court appoint a lawyer to represent him and requesting that the Court serve all the defendants named in the action. (ECF Nos. 6, 7.) On March 15, 2019, the Court denied Plaintiff's request for appointment of counsel without prejudice and denied Plaintiff's request to serve all the defendants named in the action. (ECF No. 17.)

Currently before the Court is Plaintiff's second motion for appointment of counsel and second motion to serve defendants, filed on March 14, 2019. (ECF No. 18.)

///

1

**II.**

**MOTION FOR APPOINTMENT OF COUNSEL**

In his motion, Plaintiff asserts that, since he has no access to a law library while he is being housed at the Kern Valley State Prison MSF yard, the Court should appoint legal counsel to represent him in this action.

However, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Initially, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant granting a request for voluntary assistance of counsel. Further, Plaintiff has failed to demonstrate that it is likely that he will succeed on the merits of his claims. Finally, while the Court has yet to screen Plaintiff's complaint, the Court has conducted a cursory review of the complaint and finds that the legal issues present in this action are not complex and that Plaintiff is able to clearly articulate his claims. Therefore, the Court fails to find the exceptional circumstances necessary to justify granting a request for voluntary assistance of counsel.

Consequently, Plaintiff's second motion for appointment of counsel is denied, without prejudice.

///

## III.

## MOTION FOR SERVICE OF DEFENDANTS

In his motion, Plaintiff requests that the Court serve all the defendants named in his case so that his case does not get dismissed for any reason.

However, Plaintiff's motion to have the Court serve all the defendants is premature. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will direct service of process only after Plaintiff's complaint has been screened and found to state a cognizable claim for relief. If Plaintiff's complaint is found to have stated a cognizable claim against any defendant, the Court will issue an order finding service of the complaint appropriate and directing that service of summons and the operative complaint be initiated on the proper defendant or defendants. No motion will be necessary.

Therefore, Plaintiff's second motion to have the Court serve all defendants is denied. Plaintiff's complaint will be screened in due course.

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second motion for appointment of counsel, (ECF No. 18), is DENIED, without prejudice;
2. Plaintiff's second motion for service of defendants, (ECF No. 18), is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **March 18, 2019**

UNITED STATES MAGISTRATE JUDGE