UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. PETROS,<br><br>Plaintiff,<br><br>v.<br><br>HIRAM DUNCAN, *et al.*,<br><br>Defendants. | No. 1:19-cv-00277-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND <u>RECOMMENDATIONS AND DISMISSING</u> <u>CERTAIN CLAIMS AND DEFENDANTS</u><br><br>(Doc. No. 22) |

Plaintiff Christopher M. Petros is a state prisoner proceeding *pro se* and *in forma paupers* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 31, 2019, the assigned magistrate judge issued findings and recommendations, recommending dismissal of certain claims and defendants due to plaintiff's failure to state a cognizable claim. (Doc. No. 22.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days of service. (*Id.* at 11.) Plaintiff timely filed objections on August 21, 2019. (Doc. No. 24.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the

1

record and by proper analysis.

In his objections, plaintiff reiterates the allegations contained in his first amended complaint. (Doc. No. 24.) He also disputes the magistrate judge's finding that he failed to comply with California's Government Claims Act ("GCA"). (*Id.* at 2.) Rather, plaintiff asserts that he filed a written claim with Stanislaus County (the "County") and never received a response to his request to present a late claim; as evidence, he attached copies of his correspondence with the County. (Doc. No. 24.)

The claim form attached by plaintiff to his objections indicates that it was sent to the County more than ten months after the incident at issue (*see* Doc. No. 24 at 4), making it untimely under the GCA, which requires a claim to be presented within six months of the accrual of a cause of action. *See* Cal. Gov't Code § 911.2. A claimant may nonetheless request leave to present an untimely claim "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." *Id.* at § 911.4(a). If the public entity denies leave to present a late claim, the party may petition a superior court for an order of relief. *Id.* at § 946.6(a) ("The proper court for filing the petition is *a superior court* that would be a proper court for the trial of an action on the cause of action to which the claim relates.") (emphasis added). Otherwise, the "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *State of California v. Superior Court*, 32 Cal. 4th 1234, 1239 (2004); *see also Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 627 (9th Cir. 1988).

Accordingly, plaintiff must present his § 946.6 petition to a state superior court—and obtain relief from that court—before filing suit in federal court. *Hill v. City of Clovis*, No. 1:11-cv-1391-AWI-SMS, 2012 WL 787609, at *12 (E.D. Cal. Mar. 9, 2012), *on reconsideration in part sub nom. Hill v. Clovis Police Dep't*, No. 1:11-cv-1391-AWI-SMS, 2012 WL 1833880 (E.D. Cal. May 18, 2012) ("Although the Ninth Circuit has not interpreted § 946.6, most California District Courts interpret § 946.6(a) as meaning that only state superior courts, and not federal district courts, may grant relief from Government Code § 945.4.") (collecting cases).

/////

Accordingly:

1. The findings and recommendations issued on July 31, 2019 (Doc. No. 22) are adopted;

    a. Defendants Sgt. Cervenka and the City of Turlock are dismissed from this action due to plaintiff's failure to state a claim against them;

    b. Plaintiff's excessive force claim against defendant Hiram Duncan for applying overly tight handcuffs upon plaintiff is dismissed for failure to state a claim;

    c. Plaintiff's official capacity claims are dismissed for failure to state a claim;

    d. Plaintiff's state law claims are dismissed for failure to comply with California's Government Claims Act without prejudice to future amendment if plaintiff receives relief with respect to his late filed administrative claim from the state superior court;

2. This action may proceed against defendant Hiram Duncan, in his individual capacity, on plaintiff's excessive force claim based on defendant Duncan allegedly taking plaintiff to the ground; and

3. The matter is referred back to the magistrate judge for initiation of service of process and for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **March 9, 2020**

UNITED STATES DISTRICT JUDGE

3