# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. PETROS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER HIRAM DUNCAN, et al.,<br><br>　　　　Defendants. | Case No.  1:19-cv-00277-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S WRITTEN RESPONSES TO DISCOVERY AND AWARD SANCTIONS PURSUANT TO LOCAL RULE 110 AND MOTION TO DEEM MATTERS ADMITTED PURSUANT TO F.R.C.P. 36(a)(3)<br><br>(ECF No. 39)<br><br>THIRTY DAY DEADLINE |

　　　　Christopher M. Petros ("Plaintiff"), a former state prisoner proceeding *pro se* and *in forma paupers*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Defendant's motion to compel Plaintiff's written responses to discovery and award sanctions pursuant to Local Rule 110 and motion to deem matters admitted pursuant to F.R.C.P 36(a)(3).  For the reasons discussed herein, the motion shall be granted.

## I.

## BACKGROUND

　　Plaintiff was under arrest on July 4, 2016, and was taken to the hospital by Officer Hiram Duncan ("Defendant").  Plaintiff alleges that as they were leaving the hospital, Defendant slammed him to the ground with a leg sweep, knocking Plaintiff unconscious, although Plaintiff

1

only shook his arm to loosen Defendant's grip because it was too tight and was hurting him. (First Am. Compl. ("FAC"), p. 5., ECF No. 21.)

On August 10, 2018, Plaintiff filed this action in the Northern District of California. (ECF No. 1.) On February 26, 2019, the matter was transferred to the Eastern District of California. (ECF No. 8.) On May 28, 2019, an order issued finding that Plaintiff had failed to state any cognizable claims and he was granted leave to file an amended complaint. (ECF No. 20.)

Plaintiff filed a first amended complaint on June 26, 2019. (ECF No. 21.) The first amended complaint was screened and findings and recommendations were filed on July 31, 2019, recommending dismissing certain defendants. (ECF No. 22.) Plaintiff filed objections to the findings and recommendations on August 20, 2019. (ECF No. 24.) On March 3, 2019, the findings and recommendations was adopted and this matter is proceeding against Defendant Duncan for excessive force in violation of the Fourth Amendment. (ECF No. 27.) Defendant filed an answer to the first amended complaint on May 12, 2020. (ECF No. 37.) On May 13, 2020, the discovery and scheduling order issued opening discovery and setting the pretrial deadlines. (ECF No. 38.)

On June 1, 2020, Defendant served requests for productions of documents, interrogatories, and requests for admissions on Plaintiff. (ECF No. 39-1.) On August 21, 2020, Defendant filed the instant motion to compel. (ECF No. 39.) Plaintiff did not file an opposition to the motion.

## II.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Rule 37 of the Federal Rules of Civil Procedure provides that a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" where "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). The party opposing the discovery bears the burden of resisting disclosure. Bryant v. Armstrong, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

If the motion is granted or the disclosure or requested discovery is provided after the filing of the motion, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

**III.**

**DISCUSSION**

Defendant seeks to compel Plaintiff to respond to interrogatories and requests for production of documents, that admissions be deemed admitted, and for attorney fees to be awarded for the costs of compelling compliance due to Plaintiff's failure to respond to the discovery requests.

**A.     Written Interrogatories**

Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve upon another party written interrogatories that relate to any matter that may be inquired into under

1  Rule 26(b). Fed. R. Civ. P. 33(a). "Each interrogatory must, to the extent it is not objected to, be
2  answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Pursuant to the
3  May 13, 2020 discovery and scheduling order, responses to the interrogatories were due forty-
4  five days after the request was served. (ECF No. 1 at 1.)

5  Defendant served the interrogatories on June 1, 2020. (ECF No. 39-1 at 8-21.) When
6  Plaintiff did not serve a timely response to the interrogatories, he was offered an extension of
7  time to July 31, 2020 to respond to the discovery requests. (Decl. of Gary P. Dufour ("Dufour
8  Decl. ¶ 4, ECF No. 39 at 7.) Plaintiff has not responded to the interrogatories nor has he opposed
9  the instant motion to compel.

10  The failure to timely object to an interrogatory waives any objection, unless the failure is
11  excused by the court for good cause. Fed. R. Civ. P. 33(b)(4); see also Richmark Corp. v.
12  Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a
13  failure to object to discovery requests within the time required constitutes a waiver of any
14  objection.").

15  Accordingly, the Court finds that Plaintiff was waived any objections to the
16  interrogatories. Defendant's motion to compel Plaintiff to respond to the interrogatories is
17  granted.

18  **B.    Request for Production of Documents**

19  Rule 34 of the Federal Rule of Civil Procedure provides that a party may serve upon any
20  other party a request for production of any tangible thing within the party's possession, custody,
21  and control that is within the scope of Rule 26(b). Fed. R. Civ. P. 34(a)(1). "For each item or
22  category, the response must either state that inspection and related activities will be permitted as
23  requested or state with specificity the grounds for objecting to the request, including the
24  reasons." Fed. R. Civ. P. 34(b)(2)(B). Plaintiff was required to respond to the request for
25  productions of documents within forty-five days of service. (ECF No. 1 at 1.)

26  Defendant served the request for production of documents on June 1, 2020. (ECF No.
27  39-1 at 2-7.) When Plaintiff did not serve a timely response to the request for production, he was
28  offered an extension of time to July 31, 2020 to respond to the discovery requests. (Decl of Gary

4

1 P. Dufour ("Dufour Decl. ¶ 4.)  Plaintiff has not responded to the request for production nor has
2 he opposed the instant motion to compel.

3    By failing to timely object or respond to the current motion, Plaintiff has waived any
4 objections to the request for production of documents.  Richmark Corp., 959 F.2d at 1473;
5 Ransom v. Lee, No. CV 14-600-DSF (KK), 2018 WL 5869659, at *2 (C.D. Cal. June 29, 2018);
6 Massoli v. Regan Media, No. CIV 05-0854-PHX-EHC, 2006 WL 1455567, at *1 (D. Ariz. May
7 22, 2006); Andreoli v. Youngevity Int'l, Inc., No. 16-CV-02922-BTM-JLB, 2018 WL 6334284,
8 at *8 (S.D. Cal. Dec. 5, 2018); see also Oxford St. Properties LLC v. Robbins, No.
9 210CV02999JHNRZX, 2011 WL 13214031, at *3 (C.D. Cal. Nov. 30, 2011) (affirming
10 magistrate judge's holding that party waived objections by failing to timely respond to request
11 for production of documents); Westbrook v. GES Exposition Servs., Inc., No.
12 205CV00532KJDGWF, 2006 WL 8441954, at *2 (D. Nev. May 24, 2006) ("Although Rule 34
13 does not contain an express provision that objections to requests for production are waived if
14 responses and objections are not timely served, the courts have interpreted the rule regarding
15 waiver of objections consistent with Rule 33.").

16    Accordingly, the Court finds that Plaintiff was waived any objections to the request for
17 production.  Defendant's motion to compel Plaintiff to respond to the request for production is
18 granted.

19    **C.    Request for Admissions**

20    Rule 36 of the Federal Rules of Civil Procedure provides that "[a] party may serve on any
21 other party a written request to admit, for purposes of the pending action only, the truth of any
22 matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or
23 opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P.
24 36(a).

25    > If a matter is not admitted, the answer must specifically deny it or state in detail
    > why the answering party cannot truthfully admit or deny it.  A denial must fairly
26   > respond to the substance of the matter; and when good faith requires that a party
    > qualify an answer or deny only a part of a matter, the answer must specify the part
27   > admitted and qualify or deny the rest.  The answering party may assert lack of
    > knowledge or information as a reason for failing to admit or deny only if the party
28   > states that it has made reasonable inquiry and that the information it knows or can

5

readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).  Plaintiff was required to respond to the request for admissions within forty-five days of service.  (ECF No. 1 at 1.)

Defendant served the request for admissions on June 1, 2020.  (ECF No. 39-1 at 15-20.) When Plaintiff did not serve a timely response to the request for admissions, he was offered an extension of time to July 31, 2020 to respond to the discovery requests.  (Decl of Gary P. Dufour ("Dufour Decl. ¶ 4.)  Plaintiff has not responded to the request for admissions nor has he opposed the instant motion to compel.

Unlike the failure to respond to other discovery requests, upon the failure to respond to a request for admission the matter is deemed admitted.  Fed. R. Civ. P. 36(a)(3).  Rule 36(a) is self-executing and the failure to timely respond to requests for admissions results in automatic admission of the matters requested.  F.T.C. v. Medicor LLC., 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002) (citing SCHWARZER, TASHIMA & WAGSTAFFE, FED.CIV.PROC. BEFORE TRIAL at ¶¶ 811–12 (2002)).  Once a matter is admitted, it "is conclusively established unless the court on motion permits withdrawal or amendment of the admission" pursuant to Rule 36(b). Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007).

Due to Plaintiff's failure to respond to defendant's requests for admissions, the matters are deemed admitted pursuant to Fed. R. Civ. P. 36(a).  Ocasio v. Las Vegas Metro. Police Dep't, 10 F. App'x 471, 472 (9th Cir. 2001).[1]

### D.     Request for Award of Sanctions

Defendant moves for sanctions pursuant to Local Rule 110 which provides, "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Pursuant to Rule 37 of the Federal Rules of Civil Procedure, if the motion to compel is granted, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). An award of sanctions is mandatory under Rule 37(a)(5) unless the party shows that the failure to respond was substantially justified or that an award of expenses would be unjust. Infanzon v. Allstate Ins. Co., 335 F.R.D. 305, 311 (C.D. Cal. 2020). It is the burden of the party being sanctioned to establish this substantial justification or the existence of special circumstances. Infanzon, 335 F.R.D. at 311.

Here, Defendant attempted to meet and confer by mailing Plaintiff two letters requesting his compliance and extending the deadline by which he must respond. (ECF No. 39-2, 39-3.) Plaintiff has not opposed the motion so there is no argument before the Court that his failure to respond to the discovery requests was substantially justified or that other circumstances make the award of expenses unjust. Accordingly, the Court shall grant the request for sanctions.

Defendant seeks attorney fees for one and half hours spent preparing the meet and confer letters and for two hours spent to prepare the instant motion, at an hourly rate of $210.00 per hour. (Dufour Declaration, ¶¶ 4-5.) In determining if the amount requested is reasonable courts use the lodestar method which multiplies the number of hours reasonably expended by counsel by the reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008); Infanzon, 335 F.R.D. at 314.

Counsel seeks $210.00 per hour for the time expended in this action. In the Fresno Division of the Eastern District of California, this Court has found reasonable hourly rates to range from $200.00 to $425.00 per hour. In re Taco Bell Wage & Hour Actions, 222 F.Supp.3d 813, 838 (E.D. Cal. 2016). Mr. Dufour did not set forth his experience, but the Court takes judicial notice of records of the California State Bar showing that he has been admitted since June 5, 2007. See http://members.calbar.ca.gov/fal/Licensee/Detail/249591.[2] Attorneys with less than fifteen years of experience are awarded hourly rates of $250 to 300 per hour. Perkins v.

---

[2] Courts may take judicial notice of information displayed on government websites where neither party disputes the accuracy of the information contained therein. Daniels –Hall v. National Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010).

7

City of Modesto, No. 1:19-CV-00126-LJO-EPG, 2020 WL 4547325, at *2 (E.D. Cal. Aug. 6, 2020); see also Atayde v. Napa State Hosp., No. 1:16-CV-00398-DAD-SAB, 2020 WL 2770061, at *13 (E.D. Cal. May 28, 2020) (finding $350 per hour to be a reasonable hourly rate for an attorney with 13 years of experience in civil rights case).  The Court finds that the rate of $210.00 per hour for the services of Mr. Dufour is reasonable.

Defendant is only seeking to be reimbursed for the time spent in drafting the meet and confer letters and preparing the motion to compel which were all necessary due to Plaintiff's failure to respond to the initial discovery requests.  The Court also finds that three and a half hours is a reasonable amount of time for preparing the meet and confer letters and the instant motion to compel.  The Court shall award attorney fees in the amount of $735.00[3] to Defendant for the costs incurred due to Plaintiff's failure to respond to the discovery requests.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel Plaintiff's written responses to discovery and award sanctions pursuant to Local Rule 110 and motion to deem matters admitted pursuant to F.R.C.P 36(a)(3) is GRANTED;

2. Plaintiff shall serve responses to the request for production of documents and interrogatories without objections within **thirty (30) days** of the date of entry of this order;

3. The matters in the request for admissions are deemed admitted;

4. Plaintiff shall pay costs of $735.00 to Ferguson, Praet & Sherman, 1631 East 18th Street, Santa Ana, California 92705, attorney for Defendant within **thirty (30) days** of the date of entry of this order; and

///

///

---

[3] 3.5 hours x $210.00 per hour = $735.00.

5. Plaintiff is advised that the failure to comply with this order may result in the issuance of sanctions, up to and including dismissal of this action.

IT IS SO ORDERED.

Dated: __**October 5, 2020**__

UNITED STATES MAGISTRATE JUDGE