# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. PETROS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER HIRAM DUNCAN,<br><br>　　　　Defendant. | Case No. 1:19-cv-00277-DAD-SAB<br><br>ORDER VACATING FEBRUARY 24, 2021 HEARING<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING THIS ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY AND FAILURE TO PROSECUTE<br><br>(ECF No. 42)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Currently pending before the Court is a motion to dismiss this action for failure to comply with the Federal Rules of Civil Procedure and orders of the court. The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on February 24, 2021, will be vacated and the parties will not be required to appear at that time.

## I.

## BACKGROUND

On August 10, 2018, Christopher M. Petros ("Plaintiff"), a state prisoner proceeding *pro*

*se* and *in forma paupers*, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Central District of California.  (ECF No. 1.)  On November 11, 2018, Plaintiff filed a motion for appointment of counsel.  (ECF No. 6.)  On February 1, 2019, Plaintiff filed a request for the status of the case and for all defendants to be served.  (ECF No. 6.)  On February 28, 2019, the matter was transferred to the Eastern District of California.  (ECF Nos. 8, 9.)

On March 11, 2019, at the Court's order, Plaintiff filed an application to proceed *in forma pauperis* that was granted.  (ECF Nos. 13, 15, 16.)  On March 14, 2019, Plaintiff's motion for appointment of counsel and request for service on the defendants were denied, and Plaintiff filed a third request for appointment of counsel.  (ECF Nos. 17, 18.)  On March 18, 2019, Plaintiff's third request for appointment of counsel was denied.  (ECF No. 19.)

Plaintiff's complaint was screened and on May 28, 2019, an order issued granting Plaintiff leave to file an amended complaint.  (ECF No. 20.)  Plaintiff filed a first amended complaint on June 26, 2019.  (ECF No. 21.)  On July 31, 2019, findings and recommendations issued recommending that certain claims and defendants be dismissed from this action.  (ECF No. 22.)  The findings and recommendation advised Plaintiff that any objections were to filed within thirty days.  (Id.)  Plaintiff filed objections to the findings and recommendations on August 20, 2019.  (ECF No. 24.)  On March 9, 2020, District Judge Dale A. Drozd adopted the findings and recommendations and this action is proceeding against Hiram Duncan ("Defendant") in his individual capacity, on Plaintiff's excessive force claim based on Defendant Duncan allegedly taking plaintiff to the ground.  (ECF No. 27.)

On March 10, 2020, an order issued finding service of the complaint appropriate and forwarding service documents to Plaintiff for completion and return.  (ECF No. 28.)  Plaintiff returned the service documents on March 19, 2020, and Defendant Duncan returned a waiver of service.  (ECF Nos. 29, 36.)  Defendant Duncan filed an answer on May 12, 2020, and the discovery and scheduling order issued on May 13, 2020, opening discovery in this matter.  (ECF Nos. 37, 38.)[1]

---

[1] On April 14, 2020, Plaintiff filed a change of address and it would appear that he is no longer incarcerated.  (ECF No. 35.)

1   On August 21, 2020, Defendant filed a motion to compel written discovery and deem
2 matters admitted. (ECF No. 39.) Plaintiff did not file an opposition to the motion to compel.
3 On October 5, 2020, Defendant's motion to compel was granted. (ECF No. 41.) In the order
4 Plaintiff was ordered to serve responses to Defendant's request for production of documents and
5 interrogatories and pay costs of $735.00 within thirty days. (ECF No. 41.)

6   On January 19, 2021, Defendant filed a motion to dismiss due to Plaintiff's failure to
7 comply with the October 5, 2020 order. (ECF No. 42.) Plaintiff did not file an opposition to the
8 motion.

## II.

## DISCUSSION

11   Defendant moves to dismiss this action due to Plaintiff's failure to comply with his
12 discovery obligations and the orders of this court. Defendant argues that although Plaintiff filed
13 complaints in this action, his participation has been virtually absent since June 2019. Defendant
14 contends that Plaintiff has failed to respond to written discovery that was served in June 2019,
15 and to the Court's October 5, 2020 order. Defendant asserts that Plaintiff did not pay the
16 sanction of $735.00 as ordered in the October 5, 2020 order. Defendant seeks dismissal with
17 prejudice due to the failure to comply under Rules 37 and 41 of the Federal Rules of Civil
18 Procedure.

19   **A.   Dismissal for Failure to Comply with Discovery Rules**

20   Defendant argues that dismissal is appropriate pursuant to Fed. R. Civ. P. 37(b)(2)(A)
21 due to Plaintiff's complete failure to respond to discovery requests. Rule 37 provides that is a
22 party fails to obey an order to provide discovery, "the Court may issue further just orders"
23 including "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P.
24 37(b)(2)(A).

25   In granting Defendant's motion to compel discovery, the Court considered that Defendant
26 served discovery requests on Plaintiff on June 1, 2020. (ECF No. 41 at 4-6.) Although
27 Defendant attempted to meet and confer and extended several extensions of time for Plaintiff to
28 respond, Plaintiff completely failed to respond to any of the requests. (Id.) Plaintiff did not file

3

1  an opposition to the motion and was ordered to respond to Defendant's discovery requests and
2  pay sanctions of $735.00 for the failure to comply with his discovery obligations within thirty
3  days of October 6, 2020.  (Id. at 8.)  He was advised that the failure to comply with the October
4  5, 2020 order may result in the issuance of sanctions, including dismissal of this action.  (Id.)
5  More than three months have passed and Plaintiff has not complied with the October 5, 2020
6  order.

7        The Court has considered the availability of lesser sanctions to gain Plaintiff's
8  compliance.  Plaintiff has not responded to Defendant's discovery requests and evidentiary
9  sanctions would serve no purpose.  Staying this action would only further prejudice Defendant
10 who has been denied the ability to explore the bases for the claims brought in this action.
11 Plaintiff has had ample opportunity to comply with his discovery obligations.  Further, the
12 imposition of monetary sanctions did not compel his compliance with his discovery obligations.
13 Nor did Plaintiff pay the sanctions that were ordered so the issuance of further monetary
14 sanctions would be futile.  As Defendant argues the willful failure to comply with the Court's
15 order prevents him from being able to file a motion on the merits and justifies dismissal of the
16 action.  The Court finds that dismissal of this action for Plaintiff's failure to comply with his
17 discovery obligations is appropriate and recommends that Defendant's motion to dismiss this
18 action pursuant to Fed. R. Civ. P. 37(b)(2)(A) be granted.

19       **B.**    **Dismissal with Prejudice for Failure to Comply with Court Order**

20       Defendant seeks to have this matter dismissed with prejudice due to Plaintiff's failure to
21 comply with his discovery requests and the failure to comply with the October 5, 2020 order.
22 Defendant contends that dismissal is appropriate since Plaintiff has been virtually absent since
23 June 2020 and has stopped prosecuting this action.

24       Rule 41 of the Federal Rules of Civil Procedure allows a court to involuntarily dismiss an
25 action if the plaintiff fails to prosecute the action or fails to comply with a court order.  Fed. R.
26 Civ. P. 41(b). Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with
27 these Rules or with any order of the Court may be grounds for imposition by the Court of any
28 and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power

to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

> In the May 13, 2020 discovery and scheduling order, Plaintiff was advised,
> Responses to written discovery requests shall be due **forty−five (45)** days after the request is first served. . . . Responses to document requests shall include all documents within a party's possession, custody or control. See Fed. R. Civ. P. 34(a)(1). . . . The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

(ECF No. 38 at 1-2 (emphasis in original).)

Defendant served written discovery on Plaintiff on June 1, 2020. (ECF No. 39-1.) Plaintiff did not serve timely responses, and on July 21, 2020, Defendant mailed a letter to Plaintiff advising him that his responses were overdue and no letter had been received requesting additional time to respond. (ECF No. 39-2 at 2, 3-4.) Defendant extended time until July 31, 2020, for Plaintiff to serve his discovery responses. (Id. at 2.)

When Plaintiff did not respond to the July 21, 2020 letter, Defendant sent a second letter on August 7, 2020. (ECF No. 39-3.) Plaintiff was informed that no responses had been received nor had a letter been received requesting additional time to respond. (Id. at 2.) Plaintiff was advised that Defendant would be seeking dismissal of his claims due to the failure to respond. (Id.)

Defendant's motion to compel was served on Plaintiff on August 21, 2020. (ECF No. 39 at 9.) Plaintiff did not file an opposition to the motion. The October 5, 2020 order granting Defendant's motion to compel ordered Plaintiff to serve responses to Defendant's request for production and interrogatories and pay costs of $735.00 within thirty days of the date of entry of the order. (ECF No. 41 at 8.) The order advised Plaintiff that "the failure to comply with this order may result in the issuance of sanctions, up to and including dismissal of this action." (Id. at 9.) Plaintiff has not served responses to the discovery requests nor paid Defendant the ordered costs. (ECF No. 42.) Plaintiff has not filed an opposition to the instant motion to dismiss.

A court may dismiss an action based on a party's failure to prosecute an action, failure to

obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Defendant seeks to have this action dismissed with prejudice as a sanction for Plaintiff's failure to comply with his discovery obligations and with the Court's orders.  In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted). Defendant argues that these factors all weigh in favor of dismissal with prejudice.

1. Public's Interest in Expeditious Litigation and Court's Need to Manage Docket

Defendant argues that the public interest always weighs in favor of dismissal of the action.  Additionally, Defendant contends that the Eastern Division is particularly burdened due to the judicial emergency so dismissal is warranted under Rule 110 as well.

Here, the Court finds that the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  Plaintiff was ordered in the May 13, 2020 discovery and scheduling order to provide responses to discovery requests within forty-five days of service.  Defendant served discovery requests on June 1, 2020 and Plaintiff did not serve his responses as required by the May 13, 2020 order.  Defendant mailed two separate letters informing Plaintiff of his obligation to comply with discovery and extending

time for the responses to be served. Defendant did not serve his responses or otherwise respond. Plaintiff did not file a response to Defendant's motion to compel, did not comply with the October 5, 2020 order requiring him to serve responses and pay costs, and has not filed an opposition to the instant motion to dismiss.

In this instance, defense counsel and the Court have made numerous attempts to gain Plaintiff's cooperation in moving this action forward. However, Plaintiff has demonstrated that he will not comply with the Court's order and his failure to comply hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

The Court has expended resources attempting to gain Plaintiff's cooperation to move this action forward and his failure to comply with his discovery obligations, oppose the motions filed, or comply with the October 5, 2020 order indicates that he has stopped prosecuting this action. Further, Plaintiff's failure to comply in this matter has unnecessarily required the Court to devote time and resources on this action which could have been devoted to other cases on the Court's docket. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

2. Risk of Prejudice to Defendant

Defendant argues that he is prejudiced because he has been completely deprived of the ability to explore the vague allegations in the complaint by Plaintiff's failure to respond to the discovery requests and this has prevented him from being able to seek dismissal on the merits. Where it is found that the plaintiff does not intend to litigate the action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994); Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 758 (9th Cir. 2002) (dissenting opinion).

Here, Plaintiff was served discovery requests on June 1, 2020, and has failed to serve responses despite being ordered to do so by the Court. Plaintiff did not oppose Defendant's request to compel or the instant motion. Nor did Plaintiff comply by paying the costs as ordered in the October 6, 2020 order. It is apparent that Plaintiff is not diligently prosecuting this action. Plaintiff has not offered any explanation for the delay to rebut the presumption of prejudice. In

re Eisen, 31 F.3d at 1453. The risk of prejudice to the defendants also weighs in favor of dismissal.

### 3. Policy Favoring Disposition on the Merits

Defendant argues that this factor tips in his favor because of Plaintiff's willful failure to comply with discovery which prevents him from seeking dismissal on the merits. The Court finds that the public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. While it is Plaintiff's responsibility to move this action forward, he has not responded to Defendant's discovery requests and has not opposed either the motion to compel or the instant motion to dismiss. Despite the imposition of costs under Rule 37, Plaintiff has failed to comply or otherwise respond to the order to serve discovery responses. This action can proceed no further without Plaintiff's cooperation and compliance with the Federal Rules and the orders of the court. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

### 4. Availability of Lesser Sanctions

Defendant argues that the Court has imposed lesser sanctions and warned Plaintiff that his failure to comply may result in case-dispositive sanctions. Defendant contends that because Plaintiff has ignored these lesser sanctions and warnings, this factor warrants dismissal.

The Court has considered whether there are other sanctions available that would address the failure to comply. The Court has imposed sanctions in the manner of costs for Plaintiff's failure to comply with his discovery obligations. However, Plaintiff has neither served the discovery responses nor paid the costs imposed. Therefore, the imposition of further monetary sanctions would be futile. Further, as it appears that Plaintiff is no longer prosecuting this action, the Court finds that the imposition of alternate sanctions would be futile to gain Plaintiff's compliance to move this action forward.

A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. Plaintiff was advised in the October 5, 2020 order granting Defendant's motion to compel that "the failure to comply with this order

1  may result in the issuance of sanctions, up to and including dismissal of this action." (ECF No.
2  41 at 9.)

3        Accordingly, this factor weighs in favor of dismissal of this action.

4        5.      <u>Dismissal with Prejudice</u>

5        Having found that the factors to be considered in determining whether this action should
6  be dismissed all weigh in favor of granting the motion and dismissing this entire action for
7  failure to comply with his discovery obligations and court order, Defendant also argues that
8  dismissal should be with prejudice due to the delay caused by Plaintiff in this action.

9        The district court has the authority to dismiss a plaintiff's action with prejudice due to his
10  failure to prosecute. <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629 (1962); <u>Al-Torki v. Kaempen</u>,
11  78 F.3d 1381, 1385 (9th Cir. 1996). In determining whether to dismiss the action with prejudice,
12  the court considers if the delay and prejudice to the defendants is sufficient to justify dismissal
13  with prejudice. <u>Mir v. Fosburg</u>, 706 F.2d 916, 918 (9th Cir. 1983). Here, Defendant argues that
14  it has been over eighteen months since Plaintiff took any action to move this matter forward.
15  Defendants contend that dismissal with prejudice is warranted. While the Court does not find
16  that it has been over eighteen months since Plaintiff took any action to move this action forward,
17  it does find that there has been substantial delay that can be attributed to Plaintiff.

18        The underlying incident in this action occurred approximately four and a half years ago
19  on July 4, 2016. (First Am. Compl. 5, ECF No. 21.) Plaintiff filed the complaint on August 10,
20  2018, over two years after the incident alleged in the complaint occurred. (ECF No. 1.) Plaintiff
21  filed his first amended complaint on June 26, 2019. (ECF No. 21.) On August 20, 2019,
22  Plaintiff filed a change of address form and objections to the findings and recommendations.
23  (ECF Nos. 23, 24.) On March 19, 2020, Plaintiff submitted the completed forms for service so
24  the United States Marshal could serve. (ECF No. 29.) The last filing by Plaintiff in this action
25  was a change of address form filed on April 14, 2020. (ECF No. 35.)

26        Defendant filed his answer on May 12, 2020. (ECF No. 37.) The discovery and
27  scheduling order issued on May 13, 2020 (ECF No. 38), and Defendant served discovery
28  requests on June 1, 2020, (ECF No. 39-1). Since discovery opened on May 13, 2020, Plaintiff

has been absent from this action. He has not responded to Defendant's discovery requests, nor did he oppose the motion to compel or the instant motion to dismiss. A review of these facts shows that substantial delay in this action is attributable to Plaintiff's failure to prosecute this action.

To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case. Pagtalunan, 291 F.3d at 642. "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." Id. at 642 (quoting Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)). Here, Plaintiff waited over two years to file this action and has been absent from this case since at least June of 2020. Defendant is unable to file a motion for disposition of this action on the merits due to Plaintiff's failure to comply with his discovery obligations. The Court finds that Plaintiff's failure to comply and failure to prosecute this action has impaired Defendant's ability to move this action toward rightful decision and Defendant has demonstrated that he has suffered prejudice as a result. The Court recommends that this matter be dismissed with prejudice.

### III.

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that dismissal of this action is proper due to Plaintiff's failure to comply with his discovery obligations and orders of this court. Further, all the factors to be considered weigh in favor of dismissal of this action with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss, filed January 19, 2021, be GRANTED; and
2. This matter be DISMISSED WITH PREJUDICE for Plaintiff's failure to comply and failure to prosecute.

IT IS HEREBY ORDERED that the hearing set for February 24, 2021 is VACATED and the parties need not appear on that date.

This findings and recommendations is submitted to the district judge assigned to this

action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **thirty (30) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **February 22, 2021**

UNITED STATES MAGISTRATE JUDGE